Juelene Howell **DESHOTELS**, etc.,
Appellant,

v.

**LIBERTY MUTUAL INSURANCE COMPANY**, Appellee.

No. 15149.

United States Court of Appeals, Fifth Circuit.

Feb. 11, 1955.

Highway 251 and a paved, through highway, U.S. 190, when he drove his motorcycle onto the paved road from the gravel road into the path of the truck belonging to defendant's insured. The truck driver, the only witness to the accident, estimated that the motorcycle was going 40 m.p.h. or more, and said that the decedent drove onto the paved highway from the truck driver's right without slowing down, stopping, or turning, being apparently oblivious of the truck. Estimates of the truck's speed varied from 30 to 40 m.p.h. About 35 to 50 feet ahead of the intersection the truck driver applied his brakes and turned to his left. The truck hit the motorcycle and skidded another 15 to 18 feet on the pavement and 80 feet further on the shoulder.

We think that the record shows conclusively that decedent was contributorily negligent and that the doctrine of last clear chance does not apply in this situation under Louisiana law; and that this matter disposes of all questions raised on this appeal. The law of Louisiana on this point is well stated in Fontenot v. Freudenstein, La.App., 199 So. 677, 679–680:

Rosamond J. Vidrine, Albert Tate, Jr. and L. O. Fusilier, Tate & Fusilier, Ville Platte, La., for appellant.

J. J. Davidson, Jr., Davidson, Meaux, Onebane & Nehrbass, Lafayette, La., for appellee.

Before HOLMES, RIVES and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a judgment for defendant entered on a jury verdict. Plaintiffs, the widow of David Deshotels and her minor child, brought this "direct action" against the insurance company as permitted by LSA–R.S. 1950, § 22:655, as amended. The facts and procedural history of this case are amply set out in the opinion of the court below, 116 F.Supp. 55. Briefly stating the circumstances of David Deshotels' death, he was killed in a collision at the T-intersection of gravelled Louisiana

"For many years it was the established jurisprudence here that, where the negligence of an injured plaintiff in failing to look for an approaching vehicle continued to the moment of the accident, there was no room for the application of the doctrine of the last clear chance. Then, in Rottman v. Beverly [183 La. 947, 165 So. 153], our Supreme Court, following a doctrine which had been recognized elsewhere, held that this rule —that there is no room for the application of the doctrine of the last clear chance where the negligence of the plaintiff continues to the moment of the accident—must itself yield where the defendant, discovering the peril of the negligent plaintiff, does not do all that is reasonably possible to avoid striking him. In that case the defendant actually 'discovered' the plaintiff and

should have noticed that the said plaintiff was oblivious of the fact that she was in danger. There the Supreme Court said: '* * * if a plaintiff negligently puts himself in a place of danger and his negligence and danger are actually discovered by the defendant, then there devolves upon the defendant a duty which intervenes or arises subsequent to the negligent acts of the plaintiff, * * *'.

"'* * * in Jackson v. Cook, 189 La. 860, 181 So. 195, 198, the Supreme Court interpreted its decision in Rottman v. Beverly, supra, saying that it had not held and had not intended to hold that, where a plaintiff negligently fails to notice an approaching automobile and is injured, he may nevertheless recover even if the motorist did not discover him, provided it appears that the motorist could have seen the plaintiff had he looked and could have avoided striking him had he seen him. In that case the court said: '* * * The driver of the car did not see, but could have seen, plaintiff in his peril if he had been looking ahead. The mere fact that the driver of the car in this case did not see plaintiff does not absolve the defendant from liability, because it was the duty of the driver to look, and * * * he was not looking. The Rottman Case is not authority for holding that, merely because the driver of the car in this case did not actually see the plaintiff, the defendant is not liable.'

"So that we must, of necessity, accept and apply the doctrine that where a motorist, had he looked, could have seen and appreciated the peril in which a negligent plaintiff placed himself, the motorist is liable if, because of his failure to look, he has not ascertained that the plaintiff is in peril. * * *

"But even the doctrine which has been established by those two cases * * * requires that there must be something about the appearance or actions of the plaintiff to indicate that he is in peril and does not realize it. * * *

"In the case at bar there is nothing to show that there was anything about the appearance of Fontenot to indicate that he was in any peril. He must have been facing towards the approaching car as he was walking. Often, in crossing a street, a pedestrian, seeing a car approaching and about to pass in front of him, continues on his course until within a few feet of the path of the car and then stops to allow it to go by. Even had Miss Freudenstein been looking and even had she seen Fontenot, there is nothing to show that she should have realized that he was not aware of the approach of her car.

"Since plaintiff is under the necessity of alleging and proving all facts necessary to recovery, it follows that there can be no recovery here, for there is in the record no proof of the essential fact that Fontenot was obviously in peril as Miss Freudenstein approached."

The record in the instant case is likewise devoid of any evidence (1) that the patent contributory negligence of decedent did not continue up to the moment of impact; (2) that the truck driver did not do everything reasonably possible on discovery of decedent's peril; or (3) that the deceased was obviously in peril at a time when it would have been possible for the truck driver to avoid the accident. It appears quite evident that the truck driver could reasonably believe that the motorcyclist would stop or turn at the intersection, and that there was no obvious peril until a second or two before the accident. As the opinion of the district court [116 F.Supp. 63] pointed out:

"* * * the plaintiff apparently admits the deceased was guilty of negligence, in not seeing the oncoming truck which struck him, when there was nothing to prevent

it. There further does not appear to be any dispute that deceased rode onto Highway 190, one of the main paved highways of the State, without stopping or slackening his speed, immediately in front of the truck covered by defendant's policy. If this was the case, then his own negligence continued down to the moment of impact, and would prevent recovery unless the evidence disclosed a situation for the application of the doctrine of the last clear chance, in which event the speed of the truck would have little to do with the matter."

■ Since we believe that here, as in Fontenot v. Freudenstein, supra, there was no evidence in the record which would justify the trier of fact in applying that doctrine, the decedent's contributory negligence bars any recovery, and it is unnecessary further to consider the appellant's specifications of error, namely; that the court erred in failing to charge that the speed limit was 25 m.p.h. under a statute imposing that limit in "unincorporated villages," and erred in charging that the limit was 40 m.p.h.; that the court erred in permitting witnesses to testify that the truck had the right of way, this being a conclusion; and that the charges were prejudicially repetitive as to the right of way, and the court did not sufficiently charge the doctrine of last clear chance. These matters were adequately treated in the opinion of the district court, 116 F.Supp. 55; furthermore, we may observe briefly that the speed limit matter is inconsequential in view of what we have said above concerning contributory negligence of the decedent, and concerning the doctrine of last clear chance. Even if the doctrine of last clear chance were held to be applicable in order to place upon the truck driver the duty to do all in his power to prevent the injury from the time he realized the deceased was in peril, this doctrine does not do more than require that the acting party do everything reasonably possible to prevent the injury. It does not hold him to a stricter standard of responsibility if, at the time he discovers the peril to the other, he may himself be traveling at a speed greater than the legal limit.

The judgment is therefore

Affirmed.