**Joseph ALFINITO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Crim. No. 68-295.

United States District Court
D. South Carolina,
Columbia Division.

Nov. 3, 1969.

**ORDER**

HEMPHILL, District Judge.

Petitioner (plaintiff), now in residence at the United States Penitentiary, Atlanta, Georgia, seeks an order of this court for production, inspection and copy of certain documents and the minutes of his arraignment, plea and sentence. His detention is directed by a judgment and commitment of the United States District Court for the District of South Carolina. On October 31, 1968, under a Rule 20[1] proceeding[2], he appeared with his court-appointed counsel at Columbia, S. C., and entered a plea of guilty to violation of Title 18, Section 1343, United States Code. He was committed to the custody of the Attorney General or his authorized representative for im-

---

1. Federal Rules of Civil Procedure.

2. He was indicted in the Western District of Virginia at the October 1968 term

of that court sitting at Abingdon. On October 18, 1968, upon his consent, the case was transferred to South Carolina for plea and sentence.

prisonment for a period of four (4) years. The court specified the provisions of 18 U.S.C. 4208(a) (2), eligible for parole at such time as the Board of Parole might determine.

In addition to the order he seeks, he asks to proceed in forma pauperis. He is allowed to proceed in forma pauperis.

■ This court finds guidance[3] in the language of United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963):

> With respect to the request for a transcript we wish to make it clear that on the record now before us we are not persuaded that Glass is entitled to a transcript at government expense, for he has shown no need for one. It is not contended, and if it were we could not uphold the contention, that an indigent may obtain a free transcript 'merely for his examination in order to determine whether he wishes to engage in litigation.' An indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw. On the other hand, we do not accept the proposition that a district court can never furnish an indigent a transcript for the purpose of instituting a collateral attack on a criminal proceeding, where he has stated a proper ground for relief and a transcript is indispensable. However, as no need for a transcript has been shown here, we find it unnecessary to delineate the circumstances in which a court may exercise this power under 28 U.S.C.A. § 753(f).

A review of his petition (motion) fails to reveal a need for the transcript, and there is no indication that a transcript would disclose matter relevant to questions sought to be raised. He charges no specific error on the part of the court, nor defines a deprivation of his constitutional privileges. In a companion document captioned, "Notice of Appeal," filed with the Clerk on October 22, 1969, petitioner "appeals" from a "judgment of conviction." Apparently he attacks his sentence in a 2255 proceeding. Petitioner has made no allegation as to the grounds for attack upon the sentence and has alleged no facts from which the court could conclude the possibility of grounds for attack (i. e. facts which could constitute allegations of a coerced guilty plea). Thus the question raised is whether the government is obliged to provide an indigent prisoner with transcripts of the proceedings and other documents without a showing of need and so that the prisoner may peruse them in hope of finding grounds for collateral attack.

■ In regard to furnishing of transcripts, at government expense, to indigents the law in the Fourth Circuit is clear that such a petitioner must show the need for the transcript. The same logic would seem to apply to the demand for the other documents, although furnishing them would be much easier and less expensive.

It is obvious that a policy which would allow each prisoner to gain a transcript for perusal purposes only would entail enormous expense to the public and disengage court stenographers from processing legitimate and disciplined complaints. If a need for the transcript is shown, the court will indulge. At this stage of pursuit by petitioner, he has not complied with prerequisites.

His petition (motion) is refused. This decision does not pre-empt other decisions on proper showing.

Petition dismissed.

And it is so ordered.

3. The court finds comfort and caution in the admonition of Chief Judge Sobeloff concerning "layman's papers:" "Where the layman's papers clearly show what he is driving at, it is usually in the interest of justice and may in the long run save time to temper the reading of the papers with a measure of tolerance [202]."