**UNITED STATES of America**

**v.**

**Bernard KANE.**

**Crim. No. 69–93.**

United States District Court,
E. D. Pennsylvania.

June 17, 1970.

**528**

Louis C. Bechtle, U. S. Atty., Warren D. Mulloy, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Robert F. Simone, Philadelphia, Pa., for defendant.

## OPINION

KRAFT, District Judge.

On April 21, 1970, after trial to a jury, defendant was found guilty upon an indictment charging him, in two Counts, of acknowledging false bail.[1] 18 U.S.C.A. § 1506.

■ Motions for new trial, judgment of acquittal and in arrest of judgment were timely filed on April 27, 1970. In all of these motions defendant purported to preserve for review, "other reasons" to be advanced at a later time after the notes of testimony were transcribed. Rules of Criminal Procedure 29, 33 and 34 provide for a mandatory seven-day time period in which *all* grounds must be advanced unless the Court grants an extension of time during the seven-day period. No such extension was requested or granted by the Court. Consequently, the later additional reasons, filed June 5, 1970, in support of the motions for new trial and in arrest of judgment were not timely filed and cannot be considered by the Court in ruling upon the motions. United States v. Kramer, D.C., 172 F. Supp. 288, 289; aff'd. 279 F.2d 754 (3 Cir. 1960); cert. denied 364 U.S. 879, 81 S.Ct. 167, 5 L.Ed.2d 101 (1960).[2]

Although defendant has advanced sixteen grounds in all of his motions and supplemental motions, only two of these grounds were argued and briefed. They are as follows:

I. Did the Trial Court err in permitting witnesses to testify, over objections of defense counsel, to the opinions and conclusions concerning whether or not defendant had author-ity to write and post the bonds in question?

II. Was the evidence sufficient to permit the jury to decide the guilt or innocence of the defendant in light of the fact that the evidence was susceptible of two inferences one which was indicative of innocence and the other which was indicative of guilt?

The indictment in this case essentially presented the jury with three issues: (1) did the defendant have authority to file the bonds in question, and (2) if he did not, did he *know* that he had no such authority, and (3) with such knowledge did he "willfully, knowingly and unlawfully, acknowledge and cause to be acknowledged, entered and caused to be entered" such bail.

■ Because of the nature of the issues presented, testimony and documentary evidence were necessarily required to ascertain what authority, if any, had in fact been granted to Mr. Kane by the surety company or its general agent, or whether the surety company had consented to act as surety on the bonds in question. Kane did not testify in his own behalf.

The witnesses who testified on the question of Mr. Kane's authority, were Mr. Gerwitz who was president of Alpha Insurance Agency, Mr. Kane's superior and Mr. Draper who was manager of the bond department for Prudence Mutual Casualty Company, the surety. Since these witnesses were in positions of ultimate responsibility for the granting of authority to execute and approve bail bonds, it was entirely within the scope of inquiry to ascertain whether or not they had in fact authorized Mr. Kane to execute the bail bonds in question.

The mere fact that they stated, over objection, that they had not authorized Mr. Kane to write the bonds, did not in-

---

1. Count I, charging the defendant with Conspiracy, was dismissed upon motion made by the government.

2. In any event, had the additional reasons been timely filed they would be unavailing for the reasons set forth in our opinion.

vade the jury's province of deciding Mr. Kane's guilt.

In our charge to the jury we specifically stated at p. 377:

"Upon allowing testimony or other evidence to be introduced over the objection of counsel, the court does not, unless expressly so stated, indicate any opinion as to the weight or effect of such evidence. As stated before, the jurors are the sole judges of the credibility of all witnesses and effect of all evidence."

This evidence concerned but one aspect of the charges against Mr. Kane. It was contended throughout the trial, by defendant's counsel, that Mr. Kane *believed* that he had authority to execute the bonds from Mr. Gerwitz and from another representative of Prudence Mutual Casualty Co., Mr. Smith, who had been Mr. Draper's predecessor as manager of the bond department.

Evidence was adduced which indicated that a meeting was held in Chicago attended by Gerwitz, Kane and Smith. At this meeting Mr. Smith reviewed some of the bond forms used by Prudence and expressed dissatisfaction with them and advised Gerwitz, in Kane's presence, to print his own forms. Defendant adduced no evidence to establish that Kane did, in fact, hear this statement nor to show, if he did hear it, what beliefs were thereby induced in Kane. Kane's counsel construed this instruction to include forms for powers of attorney which were attached to some of the bond forms.

In this respect, we instructed the jury as follows, at pp. 366 and 367:

"His counsel points out in his argument that in his view there are things among the Government's evidence which would give Mr. Kane ground to believe that Prudence had consented, and that if he believed that the authority existed, even if it in fact did not, he could not be guilty under this indictment."

"This is correct. Because this indictment says, in that last sentence, that he well knew. If he didn't know but believed that he had authority and acted on that belief that there was consent, then the allegation that he had no authority wouldn't have been proven."

Accordingly, we conclude that our rulings on the admissibility of the testimony of Mr. Gerwitz and Mr. Draper were proper and find this ground to be without merit.

 Defendant, in his second ground, seeks acquittal or a new trial because he contends that the circumstantial evidence offered by the government was indicative of innocence as well as guilt. It is well settled that:

"Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more." Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954).

The probability that the jury could also have weighed and evaluated the evidence in the defendant's favor does not compel an acquittal or new trial. No more is required than that the jury weigh all the probabilities and be convinced beyond a reasonable doubt.

We have carefully reviewed all of the evidence as well as our charge as a whole, to which defendant took no exceptions. We conclude that the remaining grounds set forth in defendant's respective mo-

# 530

tions, many of which are repetitious, are without merit and require no discussion.

## ORDER

Now, this 17th day of June, 1970, it is ordered that:

1. defendant's motion for a new trial is denied;
2. defendant's motion for judgment of acquittal is denied;
3. defendant's motion in arrest of judgment is denied;
4. defendant is directed to appear before this Court on June 29, 1970 at 2:00 P.M., for sentence.

