UNITED STATES of America

v.

Bernard KANE and Anthony Grosso, Bernard Kane, Appellant.

No. 19074.

United States Court of Appeals, Third Circuit.

Argued Sept. 30, 1970.

Decided Oct. 12, 1970.

Robert F. Simone, Philadelphia, Pa., for appellant.

Louis C. Bechtle, U. S. Atty., Warren D. Mulloy, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before GANEY, VAN DUSEN, and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

Defendant Kane was convicted by a jury in the United States District Court for the Eastern District of Pennsylvania on two counts of an indictment[1] charging that the defendant caused false bail to be entered and acknowledged in violation of 18 U.S.C. § 1506 (1964).[2] Defendant appeals from the July 1, 1970, judgment and commitment filed after the denial by the trial court of his motions in the alternative for a new trial, judgment of acquittal, and arrest of judgment. We have carefully considered defendant's contentions and the record in the District Court. Defendant's contentions must be rejected for the reasons so well stated in Judge Kraft's opinion.[3]

Defendant first contends that the trial court erred in permitting two witnesses to testify to what allegedly amounted to their opinions and legal conclusions concerning whether the defendant had knowingly caused the bail bonds in question to be entered without the consent of the corporate surety, and that their testimony invaded the province of the jury. While the witnesses were asked whether the defendant had "authority" to enter and acknowledge the bail bonds, and responded that the defendant did not have such "authority," the context of their testimony clearly indicates that they were testifying that, as a factual matter, the defendant had not been granted specific permission to enter the bonds, which permission their prior testimony had indicated was an essential prerequisite to the entry of a bail bond with the Prudence Mutual Casualty Company as surety. Any doubt about the significance of this testimony was cleared up by Judge Kraft's charge to the jury. He charged that the Government had to prove both that the corporate surety had not consented to act as surety on the bonds and that the defendant knew that the corporate surety had not consented to act as surety thereon. He also charged at two points that the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all the evidence. In addition, the jury had in their possession during deliberations the indictment, which charged in both counts, in language approximating the statutory language, that defendant on September 10, 1966, and October 14, 1966, caused the false bail bonds to be entered, knowing that the surety company "had not consented to act as surety thereon." Furthermore, the record as a whole makes clear that the overruling of defense counsel's objections to the admis-

---

1. The indictment also charged the defendant with conspiracy to enter and acknowledge false bail in violation of 18 U.S.C. § 1506 (1964), but this count of the indictment was dismissed at the Government's motion.

2. 18 U.S.C. § 1506 (1964) provides in relevant part:
   "Whoever acknowledges, or procures to be acknowledged in any [United States] court, any recognizance, bail, or judgment, in the name of any other person not privy or consenting to the same—
   "Shall be fined not more than $5,000 or imprisoned not more than five years, or both. * * *"

3. United States v. Kone, 319 F.Supp. 527 (E.D.Pa., June 17, 1970).

sion of this testimony did not "affect substantial rights" of the defendant and, if error, would have to be disregarded pursuant to F.R.Crim.P. 52(a) and 28 U.S.C. § 2111 (1964).

 Defendant also contends that the evidence was insufficient to permit a verdict of guilty, in that there was insufficient evidence that defendant knew that he lacked the authority to cause the bonds to be entered. There was clearly evidence in the record from which the jury could have found that the defendant knew that he had no authority to cause the bonds to be executed on behalf of the corporate surety. As Judge Kraft noted, defendant's reliance upon United States v. Tatcher, 131 F.2d 1002 (3rd Cir. 1942), is misplaced in light of Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

The July 1, 1970, judgment and commitment will be affirmed.