**UNITED STATES of America**

v.

**Thomas W. BROWN, Appellant.**

**No. 23626.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 25, 1970.

Decided Nov. 4, 1970.

Mr. Eugene J. Fitzpatrick, Rockville, Md. (appointed by this Court) for appellant.

Mr. Robert C. Crimmins, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Sandor Frankel, Asst. U. S. Attys., were on the brief, for appellee.

Before WRIGHT, McGOWAN and MacKINNON, Circuit Judges.

PER CURIAM:

Appellant was charged in a four-count indictment with offenses arising out of, on different occasions, a robbery and an attempted robbery. Following appellant's initial trial the jury foreman reported that one of the jurors was hard of hearing and had not heard all the testimony given, and a mistrial was declared. A second trial before a jury was subsequently held and appellant was convicted on three of the four counts of the indictment: robbery, assault with a dangerous weapon, and assault with intent to commit robbery. The fourth count of the indictment, for attempted robbery, was dismissed at the second trial.

On this appeal, appellant argues essentially two points: (1) that the trial

court's denial of appellant's request for a transcript of the first trial, at the expense of the Government, was improper; and (2) that the evidence introduced at the second trial was inadequate to establish appellant's guilt beyond a reasonable doubt. We conclude that both contentions are without merit, and accordingly affirm the convictions.

■■■ Appellant stresses his argument concerning the trial court's denial of his request that he be provided, at Government expense, a transcript of the first trial. Where an indigent defendant's inability to meet the cost of obtaining a transcript places him at a disadvantage, the requirements of equal protection may well require that such a transcript be provided without cost. United States ex rel. Wilson v. McMann, 408 F.2d 896 (2d Cir. 1969); cf. Nickens v. United States, 116 U.S.App.D.C. 338, 323 F.2d 808 (1963), cert. denied, 379 U.S. 905, 85 S.Ct. 198, 13 L.Ed.2d 178 (1964). In appropriate circumstances, for example, at the second trial a transcript might be essential as an aid to effective cross-examination and impeachment of witnesses who also testified at the first trial. Congress has adequately dealt with the situation in 18 U.S.C. § 3006A. Under such statute defendants who are financially unable to obtain an adequate defense [1] may have counsel appointed to represent them [2] and such counsel "for a defendant who is financially unable to obtain investigative, expert, *or other services* necessary to an adequate defense in his case may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services *are necessary* and that the defendant is financially unable to obtain them, the court shall authorize counsel to obtain the services on behalf of the defendant." [3] (Emphasis added.) It is clear from the plain wording of the Act, and its administrative interpretation under which printed applications to request transcripts in *in forma pauperis* cases are furnished to defendants and counsel by the Government, that transcripts (including one of a prior trial) are included within the "services" authorized to be furnished at Government expense under section 3006A upon a proper showing. It must thus be shown that such transcript is "necessary to an adequate defense." [4] However, the record here discloses only a bare demand for the transcript by filling in the blanks on the prescribed form [5] and we are not informed that any occasion arose during the second trial which led counsel to renew his prior motion. *See* Nickens v. United States, *supra,* (concurring opinion of Judge Wright, 116 U.S.App.D.C. at 345, 323 F.2d at 815). Further, appellant has been unable even on this appeal to direct our attention to any specific prejudice occasioned by the fact that he did not have a transcript. The issues involved in the trial were not complicated, the testimony of the witnesses was simple and the entire trial was completed within two days; the testimony of the Government witnesses was not transcribed for its own use; appellant

---

1. 18 U.S.C. § 3006A(a) (1964).

2. 18 U.S.C. § 3006A(b) (Supp. V, 1969).

3. 18 U.S.C. § 3006A(e) (1964).

4. 18 U.S.C. § 3006A(e) (1964); *see* Christian v. United States, 398 F.2d 517, 519 (10th Cir. 1968).

5. The application for the transcript was made by appellant's attorney on the Government form prepared for the purpose entitled "Application for Transcript at the Expense of the United States." It recited that appellant had been allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (1964) and was financially unable to obtain an adequate defense as contemplated by 18 U.S.C. § 3006A(a) and did request a transcript at the expense of the United States of the trial (excluding opening and closing statements of counsel, the *voir dire* or charge to the jury) for the purpose of "New Trial." There was no other elaboration in the application as to the need for the transcript. The court denied the application on the same day it was submitted by noting on the application, "Denied. Expense not justified." It thus appears that the application was under 18 U.S.C. § 3006A.

was represented by the same counsel at both trials; the second trial took place within one month of the former trial; and appellant was permitted access to the entire Government file, including statements of grand jury testimony. Under these circumstances, the denial of appellant's request was within the trial court's discretion and we conclude that such discretion was exercised in a reasonable manner.

Appellant also contends that, upon the evidence presented, (1) he was entitled to a directed verdict of acquittal and (2) the evidence was insufficient to support the jury's verdicts. A careful review of the record available to us is convincing that the evidence was adequate when measured against the applicable tests for sufficiency of the evidence, *see* United States v. Harris, 140 U.S.App.D.C. 270, 435 F.2d 74 (1970); and United States v. Skinner, 138 U.S.App.D.C. 121, 123, 425 F.2d 552, 554 (1970).

Affirmed.