**UNITED STATES of America**

v.

**Rocklyn Vann BANKS.**

**Crim. No. 042773-86.**

United States District Court,
M. D. Pennsylvania.

Jan. 17, 1974.

---

Paul J. Killion, Asst. U. S. Atty., Middle District of Pa., Harrisburg, Pa., for the United States.

Arthur A. Kusic, Harrisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

HERMAN, District Judge.

The court has before it a narrow question of law which is apparently one of first impression: whether an indigent defendant convicted of a federal offense may secure, as a matter of right, a free trial transcript for use in a motion for a new trial. The defendant was convicted by a jury on November 9, 1973 of violating 18 U.S.C. § 1001. He is presently free on bail pending disposition of post-trial motions and preparation of a pre-sentence report.

The defendant's court-appointed counsel timely filed a motion for a new trial pursuant to Rule 33, Fed.R.Crim.P. Simultaneously therewith counsel filed a motion for a copy of the trial transcript, asking that it be provided without cost

to the defendant.[1] The motion for a new trial alleges that the verdict is against the weight of the evidence, against the law and against the evidence generally. The two motions are symbiotic in that the motion for a new trial attempts to reserve assignment of additional grounds after examination of the transcript and the motion for a free transcript is requested "for the purposes of assigning further error." [2]

This court is mindful of the admonition that we must not "interpose any financial considerations between an indigent . . . and his . . . right to sue for his liberty." Smith v. Bennett, 365 U.S. 708, 709, 81 S.Ct. 895, 896, 6 L.Ed.2d 39 (1961).[3] It is equally true that:

> "[A] rich defendant may have the right to waste his money on unnecessary and foolish trial steps, but that does not, in the name of necessary constitutional equality, give the indigent the right to squander government funds merely for the asking." Slawek v. United States, 413 F.2d 957, 960 (8th Cir. 1969), Blackmun, J.

The court begins with the proposition that an indigent is entitled to a trial transcript for appeal purposes pursuant to 28 U.S.C. § 1915. *See also*, Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). It is important to note that § 1915(b) speaks only in terms of appeals [4] and has been so interpreted. United States v. Newsome, 257 F.Supp. 201 (N.D.Ga.1966); United States v. Bernett, 92 F.Supp. 26 (D.Md. 1950).

For virtually all other purposes a free transcript is a privilege committed to the discretion of the trial judge. Whitt v. United States, 104 U.S.App.D.C. 1, 259 F.2d 158 (1958). The courts have also rejected requests by indigents for daily transcripts at government expense, although a wealthy defendant could have daily transcripts if he chose. Gordon v. United States, 438 F.2d 858, 876 (5th Cir.), cert. denied, Crandall v. United States, 404 U.S. 828, 92 S.Ct. 63, 30 L.Ed.2d 56 (1971); Leyvas v. United States, 264 F.2d 272, 277 (9th Cir.), cert. denied, 359 U.S. 936, 79 S.Ct. 651, 3 L.Ed.2d 637 (1959). The court must look in such circumstances to an existing proceeding, Culbert v. United States, 325 F.2d 920 (8th Cir. 1964), and to a showing of particularized

---

1. Defense counsel has not cited any specific statutory or case authority authorizing an in forma pauperis transcript for use in a motion for a new trial. This court finds three statutory schemes authorizing free transcripts in various circumstances: 18 U.S.C. § 3006A; 28 U.S.C. § 1915; and 28 U.S.C. § 753(f).

2. The defendant neither sought nor received leave of court for an extension of the 7-day provision of Rule 33. Moreover, the reservation carried with it no justification for an extension.

3. The bulk of the United States Supreme Court decisions on in forma pauperis transcripts involve state prisoners attacking their state convictions via federal petitions for writs of habeas corpus. Nevertheless, the decisions help chart the boundaries of minimal constitutional protections for criminal defendants generally.

4. Title 28 § 753(f) authorizes in forma pauperis transcripts for appeals and for use in § 2255 suits:
   > "Fees for transcripts furnished in proceedings brought under section 2255 of this title . . . shall be paid by the United States . . . if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented. . . ."
   
   The instant case is neither a collateral attack of a sentence via 28 U.S.C. § 2255, nor an appeal, thus taking it outside the purview of § 753. Section 753(f), as amended 1970, does authorize the government to provide free transcripts if ordered pursuant to 18 U.S.C. Section 3006A has been interpreted as authorizing trial transcripts without cost to the defendant. United States v. Brown, 143 U.S.App.D.C. 244, 443 F.2d 659 (1970). The court in Brown rejected the argument that transcription was a matter of right, but rather discretionary with the court. *Id.* at 660.

need. Alfinito v. United States, 305 F. Supp. 568 (D.S.C.1969).[5]

In Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971) the court noted that as a matter of equal protection an indigent prisoner should be provided "the basic tools of an adequate *defense* or *appeal,* when those tools are available for a price to other prisoners." *Id.* at 227, 92 S.Ct. at 433 (Emphasis added) The language in Britt notes that indigency should not compromise a person's defense or statutory appeal procedure. However, posttrial motions committed to the trial judge's discretion plainly fall between the two into a grey area as yet unresolved.

The court's decision in Britt involved a request for the transcript of a trial which ended in a hung jury. The defendant sought the transcript as an aid in his defense at the retrial. A contrary result was reached in a case involving a federal prisoner in United States v. Brown, 143 U.S.App.D.C. 244, 443 F.2d 659 (1970). Griffin, *supra,* and its progeny involve failure to provide a trial transcript for use on appellate review. *See, e. g.,* Draper v. Washington, 372 U. S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); Eskridge v. Washington Prison Board, 357 U.S. 214, 78 S.Ct. 1061, 2 L. Ed.2d 1269 (1958). In both Britt, *supra,* and Griffin the Court found a clear denial of equal protection of the laws and ordered the petitioners to be provided the appropriate transcripts. In each circumstance financial standing was determinative of the quality of trial and appeal.

Draper overturned a state requirement that an indigent must show specific contentions of error in order to qualify for a free transcript on appeal. Were this court to find Griffin and Draper controlling in this situation, then an indigent defendant would have a nearly automatic right to a transcript of an entire trial merely for the asking.

Such a result is neither justified by previous Supreme Court rulings, nor is it necessary to preserve equal protection of the laws. A motion for a new trial is consistently placed in a different category than the original trial or an appeal from a conviction. In Dirring v. United States, 353 F.2d 519 (1st Cir. 1965), the court concluded that neither the Sixth Amendment nor the Criminal Justice Act (18 U.S.C. § 3006A) requires court-appointed counsel to pursue a motion for a new trial.

██ Further analogous support is found in Rule 33 itself which requires that the grounds for a new trial must be specified within seven days after the verdict. A defendant cannot, without express permission of the court, "reserve" grounds that may be discovered upon examination of the transcript.[6] United States v. Kane, 319 F.Supp. 527 (E.D.Pa.), aff'd, 433 F.2d 337 (3d Cir. 1970), *cf.* United States v. Mathews, 335 F.Supp. 157 (W.D.Pa.1971).

It seems incongruous to this court that a defendant could be required to state *all* grounds for a new trial within seven days (and without benefit of a transcript) and yet secure a free transcript for the asking to search for additional grounds.

5. Attacking a sentence after expiration of the time for appeal permits the court to deny free transcripts where the motion is clearly without merit. Cowan v. United States, 445 F.2d 855 (5th Cir. 1971); United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964); Addison v. United States, 317 F.2d 808 (5th Cir. 1963); United States v. Lawler, 172 F.Supp. 602 (S.D.Texas 1959). It follows, therefore, that: "The statutory right to proceed in forma pauperis does not include the right to obtain copies of . . . [the] transcript of record, without payment therefor, for use in proposed or prospective litigation." Harless v. United States, 329 F.2d 397, 398–399 (5th Cir. 1964).

6. The position the court takes today is also impliedly supported by the fact that a court need not conduct a hearing in order to adequately consider a new trial motion. Gurleski v. United States, 405 F.2d 253, 267 (5th Cir. 1968); Smith v. United States, 124 U. S.App.D.C. 57, 361 F.2d 74 (1966); Lyles v. United States, 272 F.2d 910 (5th Cir. 1959). *See also,* 66 C.J.S. New Trial § 146a pp. 394–395.

In Deshotels v. Liberty Mutual Ins. Co., 116 F.Supp. 55 (W.D.La.), aff'd, 219 F.2d 271 (5th Cir. 1955), the court in a *civil* forma pauperis proceeding denied a request for a free transcript for use in a motion for a new trial. The court wrote:

> "[T]he court is convinced there is no basis for granting a new trial, and hence no need to order transcribing of the evidence for that purpose. If an appeal is taken, plaintiff can apply to the Court of Appeal for authority to prepare the record and to proceed further without prior payment of costs. In its disposition of the application, that court can, if it sees fit, have the record examined. . . ." 116 F. Supp., at 65.

The Court in Deshotels was, in effect, applying the discretionary test used by the courts in assessing requests for transcripts to collaterally attack a criminal sentence.

 This court concludes, therefore, that the in forma pauperis preparation of a trial transcript for use in a motion for a new trial in a federal criminal proceeding is discretionary with the court. The court further concludes that the grant or denial should be viewed in light of the following factors:

(a) Whether the original trial counsel is pursuing the post-trial motion;

(b) Whether the trial judge is also passing on the new trial motion;[7]

(c) The length of the trial;

(d) The grounds for the motion;

(e) The usefulness of the transcript in terms of substantiating the defendant's allegations;

(f) The likelihood of a dispute between counsel which could be resolved by transcribing all or part of the proceedings.

 Having examined each · of the above indicia separately, the court is of the opinion that the defendant's request for a trial transcript in forma pauperis must be denied. All the principals in the case remain the same; the trial was but one day in length; and the grounds for the new trial motion are general boilerplate provisions accompanied by no specific justification for the transcription of the testimony. Finally, there is no indication whatever that the court or counsel have different recollections of material events which could be resolved by reference to a transcript.

This court by its decision today does not reach the merits of the motion for a new trial, but merely concludes that a transcript of the trial would not materially aid the defendant.

An appropriate order will be entered.

---

7. It is logical to permit an in forma pauperis transcript for appeal purposes and yet deny it in the same case at the post-trial stage. The judges reviewing a case on appeal have no familiarity with the case without a transcript. Absent a stipulation as to all material facts, the appellate court would be groping in the dark without such a transcript. Precisely the opposite is true where the trial judge is called upon to review a case over which he presided. It is noteworthy that in the Deshotels case, *supra*, the trial judge passsed away before the court could pass on the post-trial motions and nevertheless transcription was denied.