**UNITED STATES of America, Plaintiff,**

v.

**Alvan COLON LESPIER et al., Defendants.**

**Crim. Nos. 118–72, 119–72, 123–72, 142–72, 143–72.**

United States District Court, D. Puerto Rico.

Sept. 26, 1975.

Juan M. Pérez-Giménez, Asst. U. S. Atty., San Juan, P. R., for plaintiff.

Pedro Varela, Juan Mari Bras, José Hamid Rivera, Río Piedras, P. R., David Scribner, New York City, for defendants.

## ORDER

TORRUELLA, District Judge.

This matter is before us on a "Motion for New Trial" filed by Defendants on September 15, 1975. A "Supplemental Motion For A New Trial" filed on September 17, 1975 cannot be entertained by this Court for lack of jurisdiction. *U. S. v. Johnson,* 487 F.2d 1318 (CA 5, 1974); *U. S. v. Mathews,* 335 F.Supp. 157 (D.C.Pa., 1971), appeal dismissed, 462 F.2d 182 (CA 3, 1972), cert. den., 409 U.S. 896, 93 S.Ct. 123, 34 L.Ed.2d 153 (1972); *U. S. v. Kane,* 319 F.Supp. 527 (D.C.

Pa., 1970), affirmed, 433 F.2d 337 (CA 3, 1970).

Defendants raise several arguments in support of their Motion. Initially, Defendants are alleging that the Court has infringed their rights to assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution, when it denied their Motion for Continuance of trial after being informed by their attorney of record, Mr. Pedro A. Varela, that he lacked the experience to try a criminal case by himself and after Mr. David Scribner, their newly engaged counsel, had requested more time to prepare for the trial.

Defendants further allege that said right was also infringed by the Court's failure to ascertain if Defendants had knowingly and competently waived their right to counsel and thus were able to proceed pro se.

A summary of the prior history of these cases is of relevance. The incidents which give rise to these cases took place on March 3, 1972. Shortly thereafter the indictments or informations issued or were filed. Diverse procedural matters ensued. At least by February 6, 1973, at a hearing on a motion for suppression of identification, Mr. Varela was already appearing formally as co-counsel for Defendants. Both at that hearing and thereafter Mr. Varela actively participated as an attorney in these matters.

A trial date set for July 8, 1974 was continued. At a status conference held on April 17, 1975 Mr. Varela appeared as the only counsel for Defendants. Therein the case was set for trial on September 8, 1975, by agreement of all present. This trial setting was notified in writing, not only to all counsel of record, but also to Defendants individually. On August 26, 1975, at a pretrial conference held before the U. S. Magistrate, Mr. Varela appeared as counsel for Defendants. The U. S. Magistrate advised counsel "that no continuances [would] be granted in these cases."

On September 2, 1975, Mr. Juan Mari Bras, one of Defendants' co-counsel, filed a "Motion Requesting Postponing of Trial",

one of a series of motions [1] filed by Defendants in an obvious attempt to obstruct the September 8th trial setting. This motion was denied pursuant to our Order of September 5, 1975 wherein we stated that Mr. Varela had in fact been the attorney representing Defendants "and is fully competent to represent Defendants at the trial, as he has done up to the present time."

On September 2, 1975 Mr. Varela also attended a conference in chambers wherein certain procedural matters were discussed. Mr. Varela indicated that there existed the possibility of additional stateside counsel joining the defense. The Court informed him that they would be welcomed, but that this would not be grounds for continuance of the trial.

Shortly before the commencement of trial on September 8, 1975, Mr. Varela appeared in chambers together with Mr. Scribner, an attorney admitted to practice in New York, seeking the continuance of the trial for 30 days on the grounds that Mr. Scribner had been contacted only two days before and was not ready to commence trial. It was alleged by Mr. Varela that he had never tried a criminal jury case and thus could not proceed alone. The parties were informed that the matter would not be postponed, and a formal ruling was made on the record when the question was again raised by Mr. Varela and Defendants at the commencement of the trial. Mr. Scribner chose not to enter a formal appearance.

Thereafter the trial continued, with Mr. Varela's presence at the counsel table and with full opportunity for him to advise his clients, an opportunity which was exercised on several occasions wherein recesses were requested and granted to Defendants and Mr. Varela to confer and plan strategy on questions such as the waiver of a jury trial, oral argument at the completion of the trial, and other matters reflected in the record.

1. See the Order entered September 5, 1975.

2. See Criminal Numbers 296–72, 342–72, 343–72, 297–72, 192–72, 194–72, 237–72, 75–119.

Mr. Varela, with the agreement of his clients, chose not to *voir dire* the jury, or to cross-examine the Government's witnesses, or to present evidence on Defendants' behalf.

Before entering into a discussion of the legal principle applicable to the questions raised, it should be pointed out that Mr. Varela is an experienced counsel of several years' professional standing. He is the head of the largest and most active legal aid society in Puerto Rico and a frequent litigant before this Court. Notwithstanding his alleged lack of criminal experience he has appeared as counsel of record in numerous criminal matters before this Court.[2] In fact, as the transcript of Criminal Number 116–72 will show,[3] Mr. Varela conducted an able and aggressive *voir dire* just two weeks after his alleged professional incapacity in the present cases.

With this factual background we come thus to a discussion of the substantive questions raised.

■ It is well established that the right to counsel under the Sixth Amendment includes the opportunity for consultation and for preparation for trial. See *Avery v. Alabama*, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940).

However, the right to counsel can not be utilized to subvert the orderly procedure of the Court, to interfere with a fair administration of justice, or to give a defendant the right to obtain a delay at his convenience. See *United States v. Terry*, 449 F.2d 727 (CA 5, 1971); *United States v. Grow*, 394 F.2d 182 (CA 4, 1968).

The balance between an accused's right to counsel under the Sixth Amendment and the necessity of maintaining orderly procedure in the courts was discussed by the Supreme Court in *Ungar v. Sarafite*, 376 U.S. 575 at page 589, 84 S.Ct. 841 at page 849, 11 L.Ed.2d 921 (1974):

3. This case was severed from the present matters by reason of said Defendant's illness, and was tried commencing September 22, 1975.

*"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."* (Emphasis supplied, citations omitted).

As the Court of Appeals for the First Circuit so aptly put it in *United States v. Rodríguez Vallejo*, 496 F.2d 960 (CA 1, 1974), at page 965 thereof:

"The right to counsel may not be manipulated in a cat and mouse game with the court . . . Whether the attorney is deemed satisfactory or not, the court, at some point, may require the defendant to go to trial."

Other language in that case seems particularly appropriate to the circumstances herein and to Mr. Varela's conduct, at page 964:

". . . His passive behavior at the trial itself seems less to have reflected a lack of confidence and knowledge than a willingness to join with his client in sullen opposition to the court's insistence that there be a trial. Such conduct on the part of an attorney comes perilously close to being improper; and it is plainly not grounds for a claim of incompetence by a client who hired the attorney, who failed to use diligence to seek out a new one, and who both abetted and acquiesced in the tactics."

See also *United States v. Mitchell*, 354 F.2d 767 (CA 2, 1966) and *United States v. Llanes*, 374 F.2d 712 (CA 2, 1967), cert. den.,

388 U.S. 917, 87 S.Ct. 2132, 18 L.Ed.2d 1358 (1967).

We must therefor conclude that Defendants' allegations for a new trial based on lack of counsel should be denied.[4]

The other allegations in the Motion for New Trial substantially stem from the contention previously discussed and need not be entertained at great length. Obviously, if Defendants did have adequate counsel, as we have held, it is somewhat late in these proceedings to be complaining about the quality or quantity of the jury's *voir dire*, particularly when the record clearly shows that it meets the constitutional test of impartiality. *Geagan v. Gavin*, 292 F.2d 244 (CA 1, 1961); *United States v. Powers*, 482 F.2d 941 (CA 8, 1973); *Brown v. U. S.*, 119 U.S.App.D.C. 203, 338 F.2d 543 (1964).

This is equally true of Defendants' contentions regarding the U. S. Attorney's alleged closing argument to the jury to which no objection was raised or instruction requested. *U. S. v. Cotter*, 425 F.2d 450 (CA 1, 1970). To begin with the objected statements were generally supported by the evidence. (See page 131 of the Transcript). See *U. S. v. Driscoll*, 449 F.2d 894 (CA 1, 1971). Additionally, these can hardly be said to have had any impact on the minds of the jury when compared to the overwhelming and uncontradicted evidence establishing Defendants' guilt beyond any reasonable doubt. See *U. S. v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 240, 60 S.Ct. 811, 84 L.Ed. 1129 (1940). When viewed in this perspective these statements cannot be considered as depriving Defendants of a fair trial, *United States v. Grunberger*, 431 F.2d 1062 (CA 2, 1970), particularly when one reads the Court's charge to the jury, which was given with the agreement and participation of Defendants' counsel.[5] See *U. S. v. Williams*, 496 F.2d 378 (CA 1, 1974).

Defendants' allegations regarding one of the Defendants having acted *pro se* without proper safeguards border on the frivolous.

4. Nothing contained herein should be deemed as a waiver by the Court of such action regarding the several counsel of record as may be deemed expedient at the proper moment.

5. Mr. Varela submitted proposed instructions, some of which were used by the Court.

It is clearly established that a defendant must make a timely and unequivocal demand to the Court, in order to invoke the right to represent himself. *United States v. Dujanovic*, 486 F.2d 182 (CA 9, 1973); *U. S. ex rel. Torry v. Rockefeller*, 361 F.Supp. 422 (1973); *U. S. v. Dougherty*, 154 U.S.App.D.C. 76, 473 F.2d 1113 (1972); *United States v. Follette*, 278 F.Supp. 1003 (D.C.N.D., N.Y.1968), affirmed, 397 F.2d 363, cert. denied, 393 U.S. 1039, 89 S.Ct. 660, 21 L.Ed.2d 585. This right is embodied in 28 U.S.C. 1654.

The reasons for such a requirement are stated in the case of *Meeks v. Craven*, 482 F.2d 465 (CA 9, 1973), wherein the Court said at page 467 that:

"The reason an unequivocal demand is required is that *otherwise convicted criminals would be given a ready tool with which to upset adverse verdicts after trials at which they had been represented by counsel.* The trial judge is confronted with a conflict between two rights. He should not be presented with an impossible situation." (Citations omitted—Emphasis added).

From the record it appears that Defendants failed to make a timely or unequivocal demand to represent themselves. Although the Court allowed one of the Defendants to argue to the jury, Mr. Varela was present and in fact actively participated in several consultations with Defendants with respect to questions of law, procedure and the strategy to be followed.

For the foregoing reasons, Defendants' Motion for New Trial is hereby denied.

IT IS SO ORDERED.