

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2008

# USA v. Raghunathan

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4800

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Raghunathan" (2008). *2008 Decisions.* Paper 736.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/736

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-242                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4800
_____

UNITED STATES OF AMERICA

v.

SRIKANTH RAGHUNATHAN;
PADMASHRI SAMPATHKUMAR

Appellants

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 06-CR-00240)
District Judge:  Honorable David Stewart Cercone

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 26, 2008
Before:   McKEE, RENDELL and SMITH,  Circuit Judges

(Opinion filed: August 1, 2008)
_____

OPINION
_____

PER CURIAM

    Srikanth Raghunathan and Padmashri Sampathkumar, husband and wife,

respectively, appeal from an order of the United States District Court for the Western

District of Pennsylvania, which denied their motions for plea hearing transcripts and sentencing transcripts. As no substantial question is presented by the appeal, we will summarily affirm the order of the District Court. Third Circuit I.O.P. 10.6.

Raghunathan and Sampathkumar each pleaded guilty to Fraudulent Representation in Connection with a Loan Application from a Federally Insured Financial Institution, in violation of 18 U.S.C. § 1014. Judgments were entered against the two on May 14, 2007. An Amended Judgment was entered against Sampathkumar on May 18, 2007, and a Second Amended Judgment was entered against her on June 26, 2007. An Amended Judgment was also entered against Raghunathan on June 26, 2007.

Near the end of November 2007, each filed motions for sentencing transcripts and for plea hearing transcripts. The motions asked that the transcripts be prepared pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, and indicated that the movant did not have necessary funds to purchase the transcripts. Each motion stated that the transcripts would be necessary for the "evaluation of potential appeals issue affecting constitutional rights of the petitioner."

The Government responded to Sampathkumar's motions,[1] arguing that § 3006A does not require the Court or the Government to pay for transcripts when no proceedings are pending in the district court or the court of appeals. The Government also noted that

---

[1] The docket does not reflect any Government response to Raghunathan's motions, but the motions were nearly identical.

Sampathkumar had waived her right to appeal and to collaterally attack her conviction, except in limited circumstances, which did not apply, and that Sampathkumar had not filed a timely appeal or a motion pursuant to 28 U.S.C. § 2255. The District Court then denied Raghunathan's and Sampathkumar's motions, noting that they had "filed neither an appeal nor a petition pursuant to 28 U.S.C. § 2255."

The Criminal Justice Act, 18 U.S.C. § 3006A, provides in part that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). Counsel may also be appointed for a person "seeking relief under section 2241, 2254, or 2255 of title 28" if the court " determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Counsel who has been appointed "for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." 18 U.S.C. § 3006A(e)(1). Necessary transcripts are included within the "services" authorized. United States v. Brown, 443 F.2d 659, 660 (D.C. Cir. 1970). Further, 28 U.S.C. § 753(f) provides that the United States will pay a court reporter for transcripts authorized by the Criminal Justice Act, and shall also pay for transcripts in proceedings pursuant to 28 U.S.C. § 2255 brought by persons proceeding in forma pauperis, "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or

3

appeal." 28 U.S.C. § 753(f).

Neither of these statutes authorize the United States to pay for a transcript where no proceeding is pending. See Walker v. United States, 424 F.2d 278, 279 (5th Cir. 1970) (federal prisoner not entitled to obtain copies of court records at Government expense for purpose of searching the record for possible error); Harless v. United States, 329 F.2d 397, 398-99 (5th Cir. 1964) (statutory right to proceed in forma pauperis does not include right to obtain copies of transcripts, without payment therefor, for use in proposed or prospective litigation). We therefore will affirm the District Court's order.[2]

---

[2] Appellants' motions for appointment of counsel are denied as moot.